**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LLEYMI VALENZUELA SANCHEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-404-KC** |
| | § | |
| **KRISTI NOEM et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT**

On this day, the Court considered Lleymi Valenzuela Sanchez's Petition for a Writ of Habeas Corpus, ECF No. 1. Valenzuela Sanchez is currently detained at the ERO El Paso Camp East Montana facility in El Paso, Texas. *Id.* ¶ 8. She argues that her detention is unlawful and asks the Court to order her release or a bond hearing. *Id.* ¶¶ 57–109. She also asks that Respondents be prevented from moving her out of the District. *Id.* at 24.

Valenzuela Sanchez entered the United States in 2023, when she met with immigration authorities at the San Ysidro, California, port of entry, pursuant to a scheduled CBP appointment. *Id.* ¶¶ 16–17. Then, on July 2, 2023, immigration authorities released her into the country under the Alternatives to Detention ("ATD") program. *Id.* ¶¶ 20–21. On January 22, 2026, Immigration and Customs Enforcement ("ICE") detained her during her routine check-in. *Id.* ¶¶ 44–47. As alleged, her case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 668–88 (W.D. Tex. 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate

arguments that this Court has already rejected. Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Valenzuela Sanchez's case warrant a different outcome.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by **no later than February 18, 2026**, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED**, under the Court's inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Valenzuela Sanchez from the United States, or (2) transfer Valenzuela Sanchez to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED.**

**SIGNED** this 11th day of February, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE